IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JODY G. MEDEIROS,<br><br>      Plaintiff,<br><br>  vs.<br><br>CITIBANK, N.A.; BANK OF AMERICA, N.A.; JOHN DOES 1-10; JANE DOES 1-10L DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES,<br>      Defendants.<br>_____ | CIVIL NO. 11-00615 SOM-KSC<br><br>ORDER GRANTING DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT |

ORDER GRANTING DEFENDANT BANK OF
AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

I.      INTRODUCTION.

On April 25, 2006, Plaintiff Jody G. Medeiros ("Medeiros") entered into a mortgage agreement securing a $700,000 loan to purchase property on the island of Maui. See Compl. ¶ 8, Oct, 13, 2011, ECF No. 1; Compl. Ex. 1 ("Mortgage"), at 1, Oct. 13, 2011, ECF No. 1-2. The mortgage document names Countrywide Home Loans, Inc., as the lender, and Mortgage Electronic Registration Systems, Inc., as the mortgagee. Mortgage at 2.

On October 31, 2011, Medeiros brought this lawsuit against Defendants Citibank, N.A., and Bank of America, N.A., ("BOA"), claiming that Citibank has violated the Truth and Lending Act ("TILA"), 15 U.S.C. § 1641(g), and that BOA has charged her too much for property insurance. Medeiros alleges

that BOA is the servicer of the mortgage and that Citibank is the mortgagee. Compl. ¶¶ 9-10.

BOA now seeks dismissal of the Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The court grants the motion.

II.     STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defense[] by motion: . . . (6) failure to state a claim upon which relief can be granted[.]"

Dismissal under Rule 12(b)(6) may be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more

---

[1] At the hearing on this motion, Medeiros stated that she had no further arguments and rested on her written submissions.

than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

On a Rule 12(b)(6) motion to dismiss, the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party. Marcus v. Holder, 574 F.3d 1182, 1184 (9th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554). Whether a complaint states a plausible claim for relief is "context-specific," and such a determination "requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

When reviewing motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If

matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents with contents that are alleged in a complaint may also be considered in ruling on a Rule 12(b)(6) motion to dismiss, if no party questions its authenticity. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by Galbraith v. Cnty of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002).

III.　　ANALYSIS.

　　　A.　Count I.

Count I does not assert a cognizable claim against BOA. Count I asserts a violation of TILA and alleges that Citibank has violated 15 U.S.C. § 1641(g) by failing to provide Medeiros with information that she claims she is entitled to receive from Citibank based on the alleged assignment of her mortgage to Citibank. Compl. ¶¶ 15-16.

Nowhere in Count I does Medeiros mention BOA, much less allege that BOA engaged in any conduct that violates TILA.

Moreover, Medeiros's opposition states that she has "made no attempt to bring any TILA claims against [BOA]."  Pl.'s Memo. in Opp. to Def.s' Mot. to Dismiss Pl.'s Compl. Filed Oct. 13, 2011 at 6, Jan. 17, 2012, ECF No. 13.  Count I is therefore dismissed as to BOA.

    B.    <u>Count II.</u>

Count II also fails to state a cognizable claim.  It is unclear what claim Count II is attempting to assert.  Medeiros alleges that BOA purchased five hazard insurance policies for her property and charged her three times more than what the insurance should have cost.  Compl. ¶¶ 22-29.  In her opposition, she argues that BOA, as the servicer of her loan, should be held liable for acquiring "exorbitant insurance," and that the purchase of exorbitant insurance is a separate cause of action.

While Medeiros complains about cost, she does not indicate what law the purchase of the hazard insurance violated.  Medeiros must indicate the legal basis of her claim.  She may, for example, point to a statute that BOA's purchase of the insurance violated, or a common law ground for relief (such as breach of contract).

BOA construes Count II as asserting a claim for unconscionability.  It then argues that the court should dismiss the unconscionability claim on a number of grounds, one of which is that unconscionability is not an independent cause of action.

This court has previously held that "unconscionability" is not a proper claim for affirmative relief, but is generally a defense to the enforcement of a contract. See, e.g., Pugal v. ASC (America's Servicing Company), Civ. No. 11-0054 SOM/KSC, 2011 WL 4435089, at *10 (D. Haw. Sept. 21, 2011) (citing Gaitan v. Mortg. Elec. Registration Sys., 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own."), and Barnard v. Home Depot U.S.A., Inc., 2006 WL 3063430, at *3 n.3 (W.D. Tex. Oct. 27, 2006) (citing numerous cases for the proposition that neither the common law nor the Uniform Commercial Code allows affirmative relief for unconscionability)).

"To the extent unconscionability can be addressed affirmatively as part of a different or independent cause of action, such a claim 'is asserted to prevent the enforcement of a contract whose terms are unconscionable.'" Id. (quoting Skaggs v. HSBC Bank USA, N.A., Civil No. 10-00247 JMS/KSC, 2010 WL 5390127, at *3 (D. Haw. Dec. 22, 2010) (emphasis in original)). In that event, some indication of the allegedly unconscionable term is required. Thus, the Skaggs court dismissed an unconscionability claim because it complained about conduct such as "obtaining mortgages under false pretenses," "charging

Plaintiff inflated and unnecessary charges," and "failing to give Plaintiff required documents in a timely manner," without alleging the breach of any specific contractual term. Skaggs, 2010 WL 5390127, at *3. To the extent Medeiros attempts to assert unconscionability, Count II similarly fails to identify or challenge any particular contract term as unconscionable.

BOA also argues that, even if unconscionability is a cognizable claim, Count II still fails because BOA was not a party to the mortgage, Count II does not provide sufficient factual allegations, and the terms of the mortgage permitted BOA to obtain the insurance in issue. Because BOA's alternative arguments pertain to a claim that, as pled, is not cognizable, the court does not address them here.

IV.     CONCLUSION.

The court dismisses Medeiros's claims against BOA without prejudice. At the hearing on this motion, BOA argued that the dismissal should be with prejudice because the terms of the mortgage preclude Medeiros from recovering on a claim against BOA regarding BOA's purchase of hazard insurance. The court disagrees that dismissal with prejudice is appropriate. Although Medeiros does not properly assert a claim against BOA here, the court cannot say that Medeiros has no possible claim against BOA.

Medeiros is given leave to file an Amended Complaint no later than March 15, 2012. Medeiros is reminded that any Amended

Complaint must clearly state how each named Defendant injured her. In other words, the Amended Complaint should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 15, 2012



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Medeiros v. Citibank, N.A.; Civil No. 11-00615 SOM/KSC; ORDER GRANTING DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT